NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

LISA RODAS,
*Plaintiff/Appellant*,

*v.*

TOWN OF PRESCOTT VALLEY a municipal corporation,
*Defendant/Appellee*.

No. 1 CA-CV 24-0584
FILED 05-22-2025

Appeal from the Superior Court in Yavapai County
No.  S1300CV202300997
The Honorable Kristyne Marie Schaaf-Olson, Judge *Pro Tempore*

**VACATED AND REMANDED**

COUNSEL

MAYESTELLES PLLC, Phoenix
By Alejandro D. Barrientos, J. Blake Mayes
*Counsel for Plaintiff/Appellant*

DOYLE HERNANDEZ MILLIAM, Phoenix
By William H. Doyle, Carlos A. Hernandez, Emily S. Morgan
*Counsel for Defendant/Appellee*

---

**MEMORANDUM DECISION**

---

Judge D. Steven Williams delivered the Court's decision, in which Presiding Judge Jennifer M. Perkins and Judge James B. Morse Jr. joined.

---

**W I L L I A M S**, Judge:

**¶1** Lisa Rodas appeals the superior court's dismissal of her claim against the Town of Prescott Valley ("the Town"). For reasons that follow, we vacate the dismissal order and remand for further proceedings.

## FACTUAL AND PROCEDURAL HISTORY

**¶2** Rodas tripped on a curb and fell while attending an outdoor Christmas tree lighting event at the Prescott Valley Civic Center on December 3, 2022. The fall fractured Rodas's shoulder and tore her rotator cuff. Anticipating litigation, she retained an attorney on December 9th. Days later, she underwent surgery.

**¶3** In January 2023, Rodas sent a letter to the Town. The Town responded that same month confirming it maintained and controlled the area where Rodas fell and was injured. In May 2023, Rodas sent a notice of claim to the Town.

**¶4** On December 5, 2023 (one year and two days after her injury), Rodas sued the Town alleging gross negligence in its maintenance of the curb. The Town moved the superior court to dismiss Rodas's complaint contending: (1) A.R.S. § 12-821 barred Rodas's complaint because she filed it more than one year after Rodas's cause of action accrued, and alternatively, (2) it lacked factual allegations suggesting the Town acted with "gross, willful, or wanton conduct," a required element to prove gross negligence.

**¶5** At the same time Rodas responded to the Town's motion to dismiss, she also filed her first amended complaint ("FAC"). In her response to the motion to dismiss, Rodas argued that, under the discovery rule, her cause of action did not accrue until she knew or should have known both what caused her injury (tripping and falling over the "poorly-designed and hazardous curb"), and who caused it. In her FAC, Rodas added, *inter alia*, that "[w]hen [she] fell, she did not know . . . whether the curb was owned, controlled, or maintained by the Town [], the County, the

State, or some other public entity." In other words, Rodas argued that her cause of action did not accrue on December 3, 2022, because she did not know who was responsible for the curb's maintenance and condition on the day she tripped over it.

¶6        The superior court granted the Town's motion to dismiss, reasoning that Rodas's complaint "alleges the cause of her damages was a curb she fell over while at the Prescott Valley Civic Center on December 3, 2022. All of which Plaintiff knew or reasonably should have known on [that date]." The court concluded Rodas "had until December 3, 2023, to bring an action against the Town."

¶7        This timely appeal followed. We have jurisdiction under Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1), -2101(A)(1).

## DISCUSSION

¶8        We review *de novo* the dismissal of a complaint under Arizona Rule of Civil Procedure 12(b)(6). *Coleman v. City of Mesa*, 230 Ariz. 352, 355, ¶ 7 (2012). In doing so, we "assume the truth of all well-pleaded factual allegations and indulge all reasonable inferences from those facts." *Id.* at 356, ¶ 9.

¶9        A claim against a public entity must "be brought within one year after the cause of action accrues." A.R.S. § 12-821. Under A.R.S. § 12-821.01(B), "a cause of action accrues when the damaged party realizes he or she has been damaged and knows or reasonably should know the cause, source, act, event, instrumentality or condition that caused or contributed to the damage."

¶10        However, "[t]he discovery rule provides that a statute of limitations is tolled until 'the plaintiff knows or with reasonable diligence should know the facts underlying the cause.'" *Satamian v. Great Divide Ins. Co.*, 257 Ariz. 163, 170, ¶ 13 (2024) (citation omitted). The facts underlying the cause include both the *what* and *who* elements of causation and are expected to be known only after a plaintiff has a reason to connect those two elements "in such a way that a reasonable person would be on notice to investigate whether the injury might result from fault." *Walk v. Ring*, 202 Ariz. 310, 316, ¶ 22 (2002); *accord Lawhon v. L.B.J. Institutional Supply, Inc.*, 159 Ariz. 179, 183 (App. 1988) ("The cause of action does not accrue until the plaintiff knows or should have known of both the *what* and *who* elements of causation.").

**¶11**      Here, Rodas stated in her FAC that she did not know on December 3, 2022, who owned, maintained or controlled the curb over which she tripped and fell. For our purposes, we must treat Rodas's statement as fact.

**¶12**      The critical inquiry then, in determining when Rodas's cause of action accrued, "is when a reasonable person would readily identify [the Town] as a potential defendant." *Satamian*, 257 Ariz. at 170, ¶ 15. In some cases the court "may determine the date of accrual as a matter of law," *Kopacz v. Banner Health*, 245 Ariz. 97, 100, ¶ 11 (App. 2018), but if there are disputed material facts, determining when the *what* and *who* elements of causation should have been known "are usually and necessarily questions of fact for the jury," *Walk*, 202 Ariz. at 316, ¶ 23.

**¶13**      On this limited record, we cannot say as a matter of law that any reasonable person should have known the Town was the *who* behind Rodas's injury. That question is best determined after discovery is complete.

**CONCLUSION**

**¶14**      We vacate the superior court's dismissal order and remand for further proceedings.

